UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YVONNE CROSS,<br>  Plaintiff,<br>v.<br><br>WAYNE COUNTY<br>CORPORATION, *et al.*,<br>  Defendants.<br>_____/ | Case No.: 22-11705<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S EX PARTE MOTION TO STAY ALL ORDERS (ECF No. 2)**

**I. PROCEDURAL HISTORY**

Plaintiff Yvonne Cross filed this *pro se* action on July 25, 2022, against a Michigan court judge, a Michigan probate conservator, a real estate company, a private individual, and Wayne County Corporation. (ECF No. 1). Plaintiff paid the filing fee. She alleges constitutional violations against her in relation to a domestic relations dispute. In short, Plaintiff alleges a court proceeding in Michigan initiated by the daughter of a deceased friend or relative is poised to wrongfully eliminate her interest in certain real property in Detroit, Michigan.

Along with her complaint, she filed an ex-parte motion to stay all State court orders related to the Detroit property. She asserts that there is a motion pending in the Wayne County Probate Court to approve the sale of the subject property. This

would be the second sale since the dispute began. She states that if the property is sold, she will lose her interest in it and will be irreparably harmed. (ECF No, 2, PageID.10-11). She claims she filed this lawsuit because the defendant State court judge "has so much political clout in Michigan" that she will not get a fair trial in State court. (*Id.* at PageID.11). She asks this Court to stay all Wayne County Probate Court orders related to the property so that she will not suffer irreparable harm with the loss of equity, incorrect chain of title, and constitutional violations. She contends that granting the stay would not substantially harm the defendants. (*Id.*).

This proceeding was referred to the undersigned for all pretrial matters. (ECF No. 6).

For the reasons discussed below, the undersigned recommends that Plaintiff's motion to stay court orders be **DENIED**.

## II.     DISCUSSION

Plaintiff's motion to stay execution of State court orders time is essentially a motion for a temporary restraining order without notice to the opposing parties brought under Fed. R. Civ. P. 65(b)(1).

This motion should be denied for two reasons. First, it is procedurally defective. To obtain a temporary restraining order without notice to the adverse party, which Plaintiff apparently is seeking to do here, she must first establish facts

in an affidavit or verified complaint clearly showing immediate and irreparable injury before the adverse party can be heard in opposition, and she must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). Plaintiff did not submit an affidavit nor does her unverified complaint clearly show immediate and irreparable injury before the defendants can be heard. And Plaintiff did not certify in writing any attempts to give notice and reasons why notice should not be required as required by the rule. *See Spencer v. Donohue*, 2019 WL 5680810, at *2, n.1 (E.D. Mich. Aug. 30, 2019) (citing *Whipple v. Tennessee Bd. of Paroles*, 2018 WL 1387066, at *10 (E.D. Term. Mar. 19, 2018) ("Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a pro se litigant who seeks a TRO.")). For these reasons, Plaintiff's motion is procedurally defective.

Second, even if Plaintiff had met the procedural requirements, her motion does not establish entitlement to a temporary restraining order. In determining whether to grant or deny a temporary restraining order, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the

injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). Plaintiff bears the burden of demonstrating entitlement to injunctive relief. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Plaintiff did not discuss the likelihood of success on the merits of her claims or the public's interest. Failure to address the likelihood of success of her claims dooms her motion, as the Court cannot craft arguments for her. *See Gonzales v. National Bd. Of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) ("[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *Canning v. FCA US LLC*, 2017 WL 4918521, at *6 (E.D. Mich. Oct. 31, 2017) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (noting that the Court cannot make arguments for a party). As to irreparable harm, generally, an injury is irreparable if it cannot be fully compensated by monetary damages. *Overstreet v. Lexington–Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). This includes, for example, injuries difficult to calculate because of the nature of the loss. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 550 (6th Cir. 2007) (finding that the "likely interference with customer relationships resulting from the breach of a non-compete agreement," the "loss of customer goodwill," and the "loss of fair competition" amounted to irreparable injury). Plaintiff has not demonstrated that she would be irreparably harmed by the loss of her interest in

4

real property through the sale of the property. In short, Plaintiff has not demonstrated entitlement to an Order staying execution of Wayne County Probate Court orders.

To the extent that Plaintiff's request for a stay on State court orders should be analyzed as though it were not raised under Fed. R. Civ. P. 65(b), the motion should still be denied. This Court has limited statutory authority to stay a State court proceeding. The All Writs Act gives the federal district courts authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1652(a). The Anti-Injunction Act creates "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286-87 (1970); *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630-31 (1977). These exceptions permit injunctions against state court proceedings "(1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004).

Only the first exception applies here. In *Mitchum v. Foster*, 407 U.S. 225 (1972), the Supreme Court held that 42 U.S.C. § 1983 was a statutory exception to

5

the Anti-Injunction Act. Plaintiff pleads violations of constitutional law in her complaint. Reading the document liberally, her complaint, at least in part, comes under § 1983.[1] That said, the Supreme Court emphasized that this exception to the Anti-Injunction Act does not necessarily command the Court to stay a State proceeding. The Court in *Mitchum* stated:

> In [] concluding [that § 1983 is an exception], we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding. These principles . . . were canvassed at length last Term in *Younger v. Harris*, 401 U.S. 37 [(1971)]; and its companion cases. They are principles that have been emphasized by this Court many times in the past. *Fenner v. Boykin*, 271 U.S. 240 [(1926)]; *Spielman Motor Sales Co. v. Dodge*, 295 U.S. 89 [(1935)]; *Beal v. Missouri Pac. R. Co.*, 312 U.S. 45 [(1941)]; *Watson v. Buck*, 313 U.S. 387 [(1941)]; . . . *Douglas v. City of Jeannette*, 319 U.S. 157 [(1943)]; *Stefanelli v. Minard*, 342 U.S. 117 [(1951)]; *Cameron v. Johnson*, 390 U.S. 611 [(1968)].

*Mitchum*, 407 U.S. at 243.

So, while the Anti-Injunction Act does not preclude the Court from staying State court proceedings, it also does not require the Court to grant a stay just because it can. The principles of comity and federalism weigh against granting the stay. *Younger* and its progeny hold that a federal court should, out of respect for

---

[1] The pleadings of *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and so should be liberally construed. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

6

the significant interests of a parallel sovereign, refrain from exercising jurisdiction and decline to grant injunctive or declaratory relief that would unduly interfere with ongoing state court proceedings. 401 U.S. at 45. Based on what little information the Court has about the State court proceeding, it is safer to conclude at this point that staying execution of orders would unduly interfere with the case. And to be entitled to the extraordinary relief of enjoining enforcement of State court orders, Plaintiff should make some showing that her claims are plausible or likely to succeed on the merits. *See Chappel v. County/City of Lexington*, 2018 WL 4932004, at *2-3 (W.D. Tenn. Oct. 11, 2018); *Gentry v. Tenn. Bd. Of Jud. Conduct*, 2017 WL 6462348, at *4 (M.D. Tenn. Sept. 26, 2017). As discussed above, Plaintiff has not made such a showing. The motion to stay should be denied.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's motion to stay all order (ECF No. 2) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 29, 2022                    s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 29, 2022.

                                                      s/Kristen MacKay
                                                      Case Manager
                                                      (810) 341-7850