UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| YVONNE CROSS,<br>    Plaintiff,<br>v.<br><br>JUDGE JUDY HARTSFIELD, *et al.*,<br>    Defendants.<br>_____/ | Case No.: 22-11705<br><br>Shalina D. Kumar<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS (ECF No. 21) AND DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 14, 17)**

**I.   PROCEDURAL HISTORY**

Plaintiff Yvonne Cross filed this action without the assistance of counsel on July 25, 2022.  (ECF No. 1).  During August 2022, two of the defendants moved to dismiss the complaint against them.  (ECF Nos. 14, 17).  Plaintiff moved to voluntarily dismiss her case on September 9, 2022.  (ECF No. 21).  This matter was referred to the undersigned for all pretrial proceedings.  (ECF No. 7).

For the reasons below, the undersigned **RECOMMENDS** that Plaintiff's motion to voluntarily dismiss be treated as a notice of dismissal, and that the case be dismissed without prejudice.

**II.   DISCUSSION**

Two of the four defendants moved to dismiss the complaint on jurisdictional grounds and for failure to state a claim.  (ECF Nos. 14, 17).  No defendant has filed an answer or moved for summary judgment.  On September 9, 2022, Plaintiff moved to voluntarily dismiss her case against all the defendants.  (ECF No. 21).  She stated that a probate attorney "informed [her] that [she] was misled" by other attorneys.  (*Id.* at PageID.233).

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss an action without a court order "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  "[C]ourts have found that the filing of a motion to dismiss for failure to state a claim does not affect a plaintiff's right to voluntarily dismiss his case."  *West v. Am. Fresh Foods, L.P.*, No. 7:10-91, 2011 WL 63563, at *1 (M.D. Ga. Jan. 4, 2011); *see also Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (affirming district court dismissal of action when the plaintiff filed her dismissal after the defendant filed a Rule 12(b)(6) motion to dismiss); *Carmack v. City of Detroit*, 2019 WL 316496, at *1 (E.D. Mich. Jan. 24, 2019) (declining to treat defendants' motions to dismiss as motions for summary judgment and allowing the plaintiff to voluntarily dismiss his claims).

Because there is no answer or summary judgment motion filed, Plaintiff did not need leave of the Court to voluntarily dismiss her case.  As such, the

undersigned treats her motion as a notice of voluntary dismissal and suggests that the notice be accepted by the Court and the case be dismissed.[1]

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Immediate Injunction (ECF No. 4) be **TREATED AS NOTICE OF DISMISSAL**, that the Defendants' Motions to Dismiss (ECF Nos. 14, 17) be **TERMINATED AS MOOT**, and that the case be dismissed without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

[1] Were the undersigned to evaluate Plaintiff's motion as filed under Fed. R. Civ. P. 41(a)(2), which allows for voluntary dismissal on Order of the Court, the recommendation would be the same. Under that rule, the court may grant the request for voluntary dismissal "on terms that the court considers proper." *Id.* The decision to dismiss a complaint under this rule is reviewed for abuse of discretion. In the context of Rule 41(a)(2), an "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citation omitted). The undersigned perceives no legal prejudice that would befall either defendant. Indeed, Defendant Hartsfield filed a response indicating concurrence in Plaintiff's voluntary dismissal. (ECF No. 24).

3

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 12, 2022               s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 12, 2022.

                                               s/Kristen MacKay
                                               Case Manager
                                               (810) 341-7850